McCLENDON, J.,
dissents in part and assigns reasons.
hi disagree with the majority’s reversal of the summary judgment granted in favor of the bank as it pertains to the safety deposit box. The majority fails to address the clear language of LSA-R.S. 6:325 A and B, which provide:
A. A bank may deal with safety deposit boxes or money, on deposit or oth *538 erwise, and other property in its possession standing in the name of a deceased person or in which the latter had an interest in accordance with its contract with its customer until the bank receives notice in writing addressed to it of the death of the customer. After receipt of such notice in writing and upon proper authority and upon obtaining a receipt therefor, any bank may transfer the contents of a safety deposit box or any money and other property in its possession standing in the name of a deceased person or in which the latter had an interest to the succession representative, the surviving spouse, heirs, or legatees of the deceased.
B. The letters of the succession representative or the judgment recognizing and putting the heirs in possession issued by a court of competent jurisdiction and accompanied by letters of tutorship or curatorship of the heirs who are not sui juris shall constitute proper authority for making the transfer which, when so made and receipted for, shall be full protection to the bank as to any heir, legatee, creditor, or other person having rights or claims to funds or property of the decedent. (Emphasis added.)
It is a well-settled principle of statutory construction that absent clear evidence of a contrary legislative intention, a statute should be interpreted according to its plain language. Cleco Evangeline, LLC v. Louisiana Tax Commission, 01-2162, p. 5 (La.4/3/02), 813 So.2d 351, 354. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. LSA-C.C. art. 9; Meyer & Associates, Inc. v. Coushatta Tribe of Louisiana, 07-2256, p. 7 (La.9/23/08), 992 So.2d 446, 451.
Therefore, under the plain language of the statute, once the letters testamentary confirming Julie Kennedy Fagan as the executrix of the Succession of Sylvia Antonia Acosta Kennedy Graves were presented to the bank, said letters constituted proper authority and afforded full protection to the bank as to any heir having rights or claims to property of the decedent in the bank’s safety deposit box.[1] See LSA-R.S. 6:325 B.
Further, LSA-R.S. 6:328 provides that “[a] bank shall establish reasonable security procedures to ensure that only authorized persons shall have access to safety deposit boxes.” Reasonable security procedures include “requiring that the person seeking access present the key to the safety deposit box he seeks to enter,” which was done in this matter. Not only did Ms. Witt-Stamps present a key to the safety deposit box, but the executrix of the succession also faxed written authorization to the bank for Ms. Witt-Stamps to access said safety deposit box. Clearly, while there may be liability with regard to the loss of property from the safety deposit box, any actions arising from said loss are more properly directed against the executrix rather than the bank.[2]
Accordingly, I respectfully dissent in part.

. I note that LSA-C.C.P. arts. 3302, and 3303, referred to by the majority, relate to actions of the succession representative, and not of the bank.

. Additionally, I point out that this case once again presents the procedural difficulty that arises from a restricted appeal where interloc- • utory issues are direcdy related to appealable issues, requiring the exercise of our supervisory jurisdiction.